UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mordechai Michalowitz, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> -v.-<br><br>Financial Recovery Services, Inc. and John Does 1-25,<br><br>      Defendants. | Case. No.: 7:21-cv-4871<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mordechai Michalowitz ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Financial Recovery Services, Inc. ("FRS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

1

protection laws were inadequate, *id.* at § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, county of Rockland.

8. Defendant FRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at C T Corporation System 1200 South Pine Island Road Plantation, FL 33324.

9. Defendant FRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of New York;

   b. to whom Defendant FRS sent an initial collection letter;

   c. attempting to collect a consumer debt;

   d. in three sub-classes, where the Letter:

      1. states a date of last payment beyond the statute of limitation without disclosing that the statute of limitation to file a lawsuit to collect the debt has lapsed; or

      2. offers an option to settle that would take more than ten years to pay off; or

      3. is from a person whose title includes the word "Manager" although that person does not manage others; and

   a. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692e and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to December 7, 2020, Plaintiff allegedly incurred an obligation to a non-party Barclays Bank, perhaps also known as Barclays Bank Delaware or Barclaycard ("Barclay").

22. The obligation arose out of a transaction involving a debt to Barclay in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, specifically a personal credit card.

23. The alleged Barclay obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

24. Barclay is a "creditor" as defined by 15 U.S.C. § 1692a (4).

25. Upon information and belief, Barclay contracted with FRS to collect the alleged debt.

26. FRS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – December 7, 2020 Collection Letter*

27. On or about December 7, 2020, Defendant sent the Plaintiff an initial collection letter regarding the alleged debt owed to Barclay.  See Letter attached as Exhibit A.

28. The Letter states that the date of Plaintiff's last payment was made on April 17, 2015.

29. The letter was sent more than three years after Plaintiff's alleged last payment was made.

30. As of the date of the Letter, the statute of limitations on the alleged debt had already expired.

31. Yet the Letter fails to disclose that the statute of limitations has lapsed.

32. This is a material omission that threatened Plaintiff's rights and attempted to coerce payment from Plaintiff.

33. The Letter fails to clearly and adequately inform Plaintiff as to the true legal status of the debt.

34. This concealed the potential detrimental ramifications of Plaintiff making a payment and restarting the statute of limitations.

35. This material omission is even more egregious since the Letter also states that, Defendant "FRS is not a law firm and FRS will not initiate any legal proceedings or provide you with legal advice."

36. This implies that someone other than FRS, such as the current owner of the debt, can "initiate [] legal proceedings".

37. It implies that if the creditor retains a law firm, the law firm is permitted to "initiate [] legal proceedings".

38. This, however, is false.

39. Because the statute of limitations has expired, no lawsuit may be filed by anyone to collect the debt.

40. The Letter also offers to settle the $6,434.13 balance by, "OPTION 3: Setup monthly payments as LOW as $25.00****". [1]

41. At $25.00 per month, it would take more than *twenty-one years* to pay off the $6,434.13 balance.

42. Upon information and belief, Defendant would not honor a $25.00 per month settlement arrangement for more than twenty-one years.

---

[1] It does not appear than the quadruple asterisks refer to some other statements elsewhere in the letter. Seemingly they are to emphasize the $25.00 per month settlement option.

43. Defendant did not intend to accept such a payment plan.

44. The "OPTION 3" settlement offer is illusory and serves to coerce Plaintiff to call Defendant to verbally engage with professional debt collectors who are experts in extracting money from unwitting consumers like Plaintiff.

45. The Letter is also sent by "AMBER KOSKI Account Manager".

46. Upon information and belief, Ms. Koski is not a manager.

47. She does not manage other employees.

48. Her title is listed as Account Manager gives Plaintiff the false impression of authority.

49. This further induces Plaintiff to take the Letter more seriously than it would otherwise be considered and runs the risk of Plaintiff forgoing his rights due to confusion and fear.

50. Plaintiff further disputes the amount alleged for this debt.

51. Plaintiff was therefore confused as to how to properly handle this debt and exercise his rights.

52. Plaintiff was therefore unable decide about disputing the debt resulting in wasted time.

53. Plaintiff was therefore unable to evaluate his options of how to handle this debt.

54. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

55. Because of Defendant's actions, Plaintiff expended time, money, and effort in determining the proper course of action.

56. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

57. These violations by Defendant was knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

58. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

59. Defendant's deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

60. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

61. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

62. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. As described above, Defendant violated said section by falsely, deceptively and/or misleadingly collecting a debt in violation of §§ 1692e, 1692e (2), 1692e (5), 1692e (6), and 1692e (10).

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

70. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

71. Defendant violated this section by unfairly collecting its debt as described above.

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mordechai Michalowitz, individually and on behalf of all others similarly situated, demands judgment from Defendant FRS as follows:

   i.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

   ii.     Awarding Plaintiff and the Class statutory damages;

   iii.     Awarding Plaintiff and the Class actual damages;

   iv.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   v.     Awarding pre-judgment interest and post-judgment interest; and

   vi.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  June 2, 2021

Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*